UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61764-CV-MIDDLEBROOKS
(10-60292-CR-MIDDLEBROOKS)
MAGISTRATE JUDGE REID

KENDRICK LEWIS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This Cause is before the Court upon Movant's initial Motion to Vacate pursuant to 28 U.S.C. § 2255. [ECF 1].[1] As his sole ground for relief, Movant contends his conviction pursuant to 18 U.S.C. § 924(c), identified as Count 3 in the second superseding indictment [CR ECF 105], should be vacated. [ECF 1, p. 12]. The Undersigned is authorized to enter this Report pursuant to S.D. Fla. Admin. Order 2019-2. As set forth below, the Motion should be **GRANTED**, Movant's §

---

[1] Citations to "[ECF]" refer to docket entries in this civil case. In contrast, citations to "[CR ECF]" refer to docket entries in the underlying criminal case number. Any citations to "[PSI]" refer to paragraph numbers within the Presentence Investigation Report.

924(c) conviction should be **VACATED**, and a resentencing proceeding be **ORDERED**.

## II. Factual and Procedural Background

A. Pertinent Offense Conduct[2]

Movant, along with his co-defendants, ambushed, assaulted, and abducted an adult male in his residence. [PSI ¶¶ 13-28]. During the assault, Movant and his co-defendants beat the victim and brandished firearms. [PSI ¶¶ 13-16]. The victim was subsequently transported to another residence where he was held captive for almost a month. [PSI ¶¶ 13-17, 22].

B. Procedural Background

In a Second Superseding Indictment, Movant was charged with kidnapping in violation of 18 U.S.C. § 1201(a)(1) ("Count 2") and Using and Carrying a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count 3"). [CR ECF 105]. The crime of violence referenced in Count 3 was the Count 2 kidnapping offense. [*Id.*].

Movant pled guilty and, on May 23, 2011, was sentenced to 135 months' imprisonment; five years' supervised release; and, a $100 special assessment on Count 2. [CR ECF 155]. As for Count 3, the Court sentenced Movant to 84 months'

---

[2] The following factual information is a summary of the allegations in the Presentence Investigation Report.

imprisonment, to be served consecutive to Count 2; five years' supervised release, to be served concurrent with Count 2; and, a $ 100 special assessment. [*Id.*]. Movant did not appeal.

Movant's sentence for Count 2 was later reduced, pursuant to Rule 35, Fed. R. Crim. P., from 135 months' imprisonment to 96 months' imprisonment. [CR ECF 217]. In all other respects, including the consecutive sentence on Count 3, the prior judgment remained in full force and effect. [*Id.*].

### III. Discussion

A. Timeliness

On July 15, 2019, Movant filed the instant, initial Motion to Vacate pursuant to 28 U.S.C. § 2255. [ECF 1]. The Government, relying upon the recent issuance of *United States v. Davis*, — U.S. — , 139 S. Ct. 2319, 2336 (2019), does not contest the timeliness of Movant's initial Motion to Vacate. [ECF 9, p. 2].

Pursuant to 28 U.S.C. § 2255(f)(3), a 1-year period of limitation shall run from the date on which a right was initially recognized by the Supreme Court and, if such a right has been newly recognized by the Supreme Court, made retroactively applicable to cases on collateral review.

On July 23, 2019, in the context of addressing a § 2255(h)(2), the Eleventh Circuit held that *Davis* has been made retroactively applicable to criminal cases that became final before *Davis* was announced. *In re Hammoud*, 931 F.3d 1032, 1039

(11th Cir. 2019); *see also Mann v. United States*, 776 F. App'x 647, 648 (11th Cir. 2019) (concluding *Davis* is retroactively applicable on collateral review of initial § 2255 motion to vacate). Movant's Motion was filed within a year of the Supreme Court's decision in *Davis*. [ECF 1]. As such, the Government is correct that Movant's motion to vacate is timely.

B. The Underlying Conviction is not a "Crime of Violence"

Movant contends that kidnapping under 18 U.S.C. § 1201 cannot qualify as a "crime of violence" under the "elements clause" of § 924(c)(3)(A). [ECF 1]; [ECF 3, p. 4]. Thus, Movant claims his conviction under § 924(c) should be vacated.

As a threshold issue, Movant must show his conviction under § 924(c) was likely the result of "the residual clause." *See Beeman v. United States*, 871 F.3d 1215, 1221, 1225 (11th Cir. 2017), *cert. denied*, 139 S. Ct. 1168 (2019).

Movant is correct. Federal kidnapping in violation of 18 U.S.C. § 1201(a) can be committed by physical or mental restraint. *See United States v. Gillis*, — F.3d —, 2019 WL 4383203, at *21 (11th Cir. Sept. 13, 2019). In discussing 18 U.S.C. § 373(a) solicitations to commit crimes of violence, the Eleventh Circuit held federal kidnappings do not qualify as a "crime of violence" under the "elements clause" of § 373(a), which it deemed similar to the "elements clause" of § 924(c)(3)(A). *See id.* at *14, *21.

4

Other district courts in this Circuit have, in turn, held that *Gillis* compels the conclusion that a § 1201 kidnappings does not qualify as a "crime of violence" under § 924(c)(3)(A)'s "elements clause." *See Neauthor Robinson v. United States*, Case No. 1:16-CV-515-MHT, 2019 WL 4791512, at *1 (M.D. Ala. Sept. 30, 2019); *Zerrick Robinson, v. United States*, Case No. CR 12-00090-KD-C, 2019 WL 4855161, at *7 (S.D. Ala. Sept. 30, 2019).

Thus, in light of *Gillis*, Movant's Count 3 conviction and sentence under § 924(c) can only be upheld under § 924(c)(3)(B)'s "residual clause." As the "residual clause" of § 924(c)(3)(B) is now unconstitutionally vague, *see Davis*, 139 S. Ct. at 2336, Movant is entitled to relief.

In its October 7, 2019 Response to Movant's § 2255 Motion, the Government agreed that Movant's motion to vacate Count 3 should be granted and that resentencing is warranted. [ECF 9]. For the reasons stated, the Government is correct.

## IV. Conclusion and Recommendations

Based on the foregoing, the Undersigned recommends that the Motion be **GRANTED** and that Movant's § 924(c) conviction be **VACATED**. It is further recommended that Movant be resentenced. *See United States v. Fowler*, 749 F.3d 1010, 1016-17 (11th Cir. 2014) ("When the sentencing package becomes unbundled…the district court has the authority to recalculate and reconsider the

defendant's sentence for it to comport with the district court's original intentions at sentencing.") (internal quotations and bracket omitted). Finally, it is recommended that this civil case be **CLOSED**.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Court Judge of an issue covered in this Report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 10th day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Kendrick Lewis
      96148-004
      Bennettsville
      Federal Correctional Institution
      Inmate Mail/Parcels
      Post Office Box 52020
      Bennettsville, SC 29512
      PRO SE

6

Mark Dispoto
United States Attorney's Office
500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33301-3002
561-820-8711
Fax: 561-820-8777
Email: mark.dispoto@usdoj.gov